IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:08-CV-91-BO

| | |
|---|---|
| MAUREEN LANIER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | O R D E R |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on cross motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Plaintiff claims her ailments are sufficiently disabling to qualify her for benefits. The Commissioner contends that the denial of benefits is supported by substantial evidence. For the reasons stated below, Plaintiff's Motion for Judgment on the Pleadings is DENIED and the Commissioner's decision is AFFIRMED.

I. SUMMARY OF THE INSTANT DISPUTE

On September 20, 2005, Plaintiff filed an application for Social Security disability insurance benefits. Transcript ("T") pp. 68-73. Plaintiff's application was denied initially and upon reconsideration. T pp. 35-38, 42-44. Plaintiff requested a hearing, which was held on August 6, 2007. T pp. 404-23.

On January 14, 2008, the Administrative Law Judge ("ALJ") issued a decision adverse to Plaintiff, in which he found that Plaintiff was not disabled under the Social Security Act and not entitled to benefits. T pp. 14-30. Plaintiff's request for review was denied by the Appeals Council, rendering the Commissioner's decision final. T pp. 3-6. Plaintiff timely filed this

action, and this matter is now before the Court.

II.   DISCUSSION

The Commissioner's decision is supported by substantial evidence and is AFFIRMED. If the Commissioner's decision is supported by substantial evidence, it is conclusive.[1] Substantial evidence that evidence which a reasonable mind might accept as adequate to support a conclusion.[2] Plaintiff alleges that the ALJ (1) improperly assessed the medical evidence, (2) improperly assessed the availability of work Plaintiff could perform by failing to consult a Vocational Expert , and (3) incorrectly assessed Plaintiff's credibility.

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. In doing so, the ALJ determined that Plaintiff's impairments did not meet or medically equal the criteria of the applicable Listings. Further, the ALJ determined Plaintiff could perform the full range of light work. Substantial evidence supports the ALJ's determination.

The ALJ properly evaluated the medical evidence provided in the record. The ALJ considered both Plaintiff's diagnosed impairments as well as the limitations stemming from those diagnosis. In doing so, the ALJ observed that while Plaintiff suffered from Graves' Disease, the disease was, in fact, in remission. T p. 222. Further, the record provided that Plaintiff's laboratory results were normal, supporting the fact that Plaintiff's condition is currently asymptomatic, as her primary treating physician had opined. T p. 394. With respect to Plaintiff's back condition, the ALJ relied upon the opinions of several physicians, all of whom

---

[1] 42 U.S.C. § 405(g).

[2] *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

opined that Plaintiff was in no, or no acute, distress. T pp. 183-85, 188, 193, 203, 211, 215, 282, 294, 343, 347, 368, 377, 393. Substantial evidence supports the ALJ's assessment of the medical evidence.

Also, the ALJ properly applied the Commissioner's Medical-Vocational Guidelines instead of utilizing the testimony of a vocational expert in determining the availability of work that Plaintiff could perform. The ALJ's use of the Medical-Vocational Guidelines in lieu of the testimony of a vocational expert is consistent with the regulations and case law. *See Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); Grant *v. Schweiker*, 699 F.2d 189 (4th Cir. 1983). Substantial evidence supports the ALJ's finding that Plaintiff was limited by her impairments to the performance of a full range of unskilled, light work.

Finally, substantial evidence supports the pain and credibility analysis performed by the ALJ. The ALJ relied upon the entire record and made its determination regarding Plaintiff's credibility. The ALJ found that (1) the opinions of Plaintiff's neurological specialist, consultative medical examiners, and treating physicians as to Plaintiff's complaints, (2) improvements in symptoms brought about by prescribed medication, (3) inconsistent statements relating to Plaintiff's use of alcohol and marijuana, and (4) Plaintiff's own description of her daily activities proved contradictory with Plaintiff's subjective complaints of debilitating pain. Substantial evidence supports the ALJ's assessment of Plaintiff's credibility.

Case 7:08-cv-00091-BO   Document 24   Filed 02/19/09   Page 3 of 4

III.   CONCLUSION

Because substantial evidence supports the Commissioner's decision, the decision is AFFIRMED.

SO ORDERED, this __15__ day of February, 2009.

                                          *Terrence W. Boyle*
                                          TERRENCE W. BOYLE
                                          UNITED STATES DISTRICT JUDGE